NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STARBOARD ENTERPRISES, LLC, | : | |
| | : | Civil Action No. 11-7602 (SRC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW CINGULAR WIRELESS PCS, LLC, | : | |
| | : | |
| Defendant. | : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion to dismiss the Complaint, filed by New Cingular Wireless PCS, LLC ("AT&T" or "Defendant"). Plaintiff Starboard Enterprises, LLC ("Starboard" or "Plaintiff") opposed the motion. The Court has considered the papers submitted by the parties and opts to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Defendant's motion to dismiss the Complaint.

I.      BACKGROUND

This dispute arises from Defendant AT&T's use of real property owned by Plaintiff. The Complaint alleges that AT&T, which provides mobile voice and data communications services, entered into a lease with Plaintiff to locate equipment on and about certain areas of 93 Spring Street in Newton, New Jersey, a lot which is improved with a five-story office building. (Compl., ¶¶ 1-8.) Plaintiff alleges AT&T has been utilizing a larger area of the premises than is permitted by the lease. Plaintiff notified Defendant, by way of correspondence in 2005, 2009 and

2010, of the alleged violation of the lease, and demanded payment of additional rent, to no avail. *Id.* ¶¶ 10-12.  On or about September 9, 2011, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Sussex Count, setting forth three state-law causes of action against Defendant: ejectment, trespass, and conversion.  On December 30, 2011, Defendant removed the action to the United States District Court for the District of New Jersey.  Soon thereafter, Defendant filed the instant motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

II.     DISCUSSION

A.      **Legal Standard**

The Court must review this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a claim for failure to state a claim upon which relief may be granted.  Federal Rule of Civil Procedure 8(a) requires that to state a claim for relief, a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  When evaluating the sufficiency of claims subject to the pleading requirements of Rule 8(a), the Court must apply the plausibility standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  In *Twombly* and *Iqbal*, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556.)  The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-

defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement." *Id.* at 1949-50; *Twombly*, 550 U.S. at 555-57.  While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do.  *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 557.  The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims."  *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (relying on *Twombly* to hold that to survive a motion to dismiss a Complaint must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element").

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record.  *Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007); *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." *New York v. Hill*, 528 U.S. 110, 118 (2000).  Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile.  *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**B.      Analysis**

Defendant moves to dismiss Plaintiff's ejectment, trespass and conversion claims on the

ground that Plaintiff fails to plead facts showing that Defendant wrongfully possessed the

property at issue.  Specifically, Defendant argues that Plaintiff has not pleaded facts showing that

Defendant occupied more of the property than is provided for by the parties' lease.  Because

wrongful possession is a requisite element of ejectment, trespass and conversion actions,

Plaintiff's failure to adequately plead wrongful possession is fatal to her Complaint, Defendant

maintains.  Defendant also moves to dismiss Plaintiff's trespass and conversion claims on the

basis that same are barred by the applicable statute of limitations.

1.      Wrongful Possession

State law claims of ejectment, trespass and conversion require the plaintiff to allege the

wrongful possession of his or her property by another.  *See, e.g., J&M Land Co. v. First Union*

*Nat'l Bank*, 166 N.J. 493, 520 (2001) (noting that N.J.S.A. 2A:35-1 replaces the common law

action of ejectment, as it provides a remedy to one who claims title to property in possession of

another); *Rowe v. E.I. DuPont deNours & Co.*, 262 F.R.D. 451, 463 (D.N.J. 2009) ("According

to New Jersey law, trespass constitutes the unauthorized entry (usually of tangible matter) onto

the property of another.") (internal citations omitted); *Sun Coast Merch. Corp. v. Myron Corp.*,

393 N.J. Super. 55, 84, 922 A.2d 782, 799 (N.J. Sup. Ct. App. Div. 2007) (defining the tort of

conversion as "the wrongful exercise of dominion and control over property owned y another

inconsistent with the owner's rights.") (quoting *Port-O-San Corp. v. Teamsters Local Union No.*

*863 Welfare & Pension Funds*, 363 N.J. Super. 431, 440, 833 A.2d 633 (N.J. Sup. Ct. App. Div.

2003)).

Here, Plaintiff alleges that AT&T's possession and use of Plaintiff's property is wrongful

insofar as AT&T is utilizing more of the property than is authorized by the parties' lease

agreement.  (Compl., ¶ 10.)  The lease provides that Tenant (Defendant) desires to use a portion

of the subject property in connection with its "federally licensed communications business," and

that Landlord (Plaintiff):

> leases to Tenant portions of the Property consisting of (a) a room/cabinet space of
> approximately 12' x 20' = 240 square feet and (b) space on the structure and such
> easements as are necessary for the antennas and initial installation as described on
> attached Exhibit 1 (collectively, "Premises").
>
> . . . Tenant may use the Premises for the transmission and reception of communications
> signals and the installation, maintenance, operation, repair and replacement of its
> communication fixtures and related equipment, cables, accessories and improvements
> (collectively, the "Communication Facility") and any other items necessary to the
> successful and secure operation of the Communications Facility, as substantially
> described in Exhibit 1 . . . Tenant has the right to make Property improvements,
> alterations or additions ("Tenant Changes") appropriate for Tenant's use provided they
> are consistent with Exhibit 1 . . . Tenant has the right to modify, supplement, replace,
> upgrade, expand the equipment, increase the number of antennas or relocate the
> Communication Facility within the Premises at any time during the Term of this
> Agreement.

(Compl., Ex. A, ¶¶ 1-2.)  Exhibit 1 to the lease agreement contains three diagrams of the property

showing proposed antenna placement, cable placement, electrical routing, two cabinet spaces,

stairs and steel dunnage placement.

Plaintiff alleges that Defendant has violated the foregoing provisions because Defendant

has occupied approximately 600 square feet of space on the property, "whereas the lease calls for

240 [square feet]."  (Compl., Ex. B.)  However, the plain language of the lease contemplates that

Defendant shall occupy approximately 240 square feet of cabinet space on the property, *and*

additional space on the structure, including further cabinet space, space for electrical routing and

antennas, and so forth, as shown in Exhibit 1.  In other words, accepting the truth of the

allegations in the Complaint, the fact that Defendant occupies in excess of 240 square feet of

Plaintiff's property does not constitute a violation of the parties' lease, because excess square

footage is contemplated by Exhibit 1.  Plaintiff argues in its opposing brief that Defendant

installed a "structural steel frame for a screen wall that occupies an additional 234 square feet,"

which is not included in the space allowed for by Exhibit 1.  (Pl.'s Br., p. 4.)  However, these

facts are not set forth in the Complaint.  *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*,

836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the

briefs in opposition to a motion to dismiss.")  The mere allegation that Defendant occupies more

than 240 square feet of space on Plaintiff's property does not plausibly present a violation of the

parties' lease, and therefore does not adequately allege wrongful possession, a requisite element

of actions for ejectment, trespass and conversion.  Accordingly, the Court will dismiss these

claims.

2.       Statute of Limitations

New Jersey's statute of limitations for claims of trespass or conversion with respect to

real property is six years.  N.J.S.A. § 2A:14-1.[1]  The statute of limitations for a claim "begins to

run when all the elements of a cause of action are present or, more plainly, 'from the moment of

the wrong.'" *Amland Property Corp. v. Aluminum Co. of Am.*, 808 F. Supp.1187, 1190 (D.N.J.

1992) (citing *Lopez v. Swyer*, 62 N.J. 267, 274, 300 A.2d 563 (1973)).  Here, Defendant argues,

the elements of Plaintiff's trespass and conversion claims, as set forth in the Complaint, were

present when Plaintiff believed that Defendant was unlawfully occupying excess space on

Plaintiff's property, and notified Defendant of same by way of letter dated August 5, 2005.  More

than six years later, on September 9, 2011, Plaintiff filed its action in the New Jersey Superior

---

[1]The statute provides, in part: "Every action at law for trespass to real property, [or] for any tortious injury to real or personal property . . . shall be commenced within 6 years next after the cause of any such action shall have accrued."

Court.  Accordingly, Defendant argues, Plaintiff's trespass and conversion claims are time-

barred.

Plaintiff contends that its trespass and conversion claims are not time-barred because

Defendant's "persistence in its wrongful occupation of plaintiff's land" constitutes a "continuous

trespass. . ." *Morey v. Essex County*, 94 N.J.L. 427, 430 (1920).  Plaintiff asserts that the case at

bar is analogous to *Morey*, where the county of Essex had seized a strip of Plaintiff's land, and

turned it over for public use in connection with a highway.  *Id.* at 428.  Here, Plaintiff reasons,

the Defendant is also engaged in the continuous unauthorized occupation of certain areas of

Plaintiff's property.  In the context of a continuous trespass, "damages suffered by the owner of

the land within six years of the institution of the suit by reason of the failure to abate, are

recoverable."  *Barberi v. Bochinsky*, 43 N.J. Super. 186, 189 (N.J. Sup. Ct. App. Civ. 1956)

(citing *Morey*, 84 N.J.L. at 430).  Plaintiff also directs the Court to *Russo Farms, Inc. v. Vineland*

*Bd. of Educ.*, where, although the underlying tort was nuisance, the Supreme Court of the State of

New Jersey held that a tort is continuous when it results from a condition that can be physically

removed or legally abated by the defendant. 144 N.J. 84, 103-105, 675 A.2d 1077 (1996) (noting

that the continuous tort theory is also applicable to torts such as trespass, whenever each new

injury contains all the elements of a tort).  Here, Plaintiff asserts, Defendant's equipment can be

removed from Plaintiff's property to abate the trespass (though Plaintiff prefers to instead receive

the rent that is owed as a legal abatement for Defendant's ongoing, allegedly unlawful use of

portions of Plaintiff's property).

Defendant replies that Plaintiff's Complaint purports to allege a permanent tort, not a

continuous tort.  *See Lyons v. Township of Wayne*, 185 N.J. 426, 434, 888 A.2d 426, 430-31

(2005).  The distinction between a permanent tort and a continuous tort was explained by the

Supreme Court of New Jersey in *Lyons*, which held that a nuisance is "permanent and does not constitute a continuing nuisance when 'there is only one unceasing invasion of the plaintiff's interest,' giving rise to only one cause of action." *Id.* (quoting *Russo Farms*, 144 N.J. at 102). Where a nuisance is permanent, "the statute of limitations on the one cause of action must, then, begin running from the time the invasion began, or from the time it became manifest." *Russo*, 144 N.J. at 102 (quoting Dan B. Dobbs, LAW OF REMEDIES, § 5.4 at 343 (1973)). Indeed, in *Russo*, the Supreme Court analogized a continuous nuisance to a continuous trespass, where "a defendant, taking a short cut, drives across a corner of the plaintiff's property and does so not once, but every day of the week. Each new day brings a new trespass on which the statute of limitations runs separately." *Id.* at 105 (quoting Dobbs, § 5.4 at 335 (1973). Similarly, *Morey* has been distinguished by subsequent courts as a case in which the trespass was continuous because of the "constant repetition of the defendant's unlawful acts." 84 N.J.L. at 430. For instance, in a case where the plaintiff brought an inverse condemnation action, the Third Circuit, having reviewed *Morey*, rejected plaintiff's continuing violations theory, and concluded that its claim was barred by the six-year statute of limitations, because the Township had not "committed an affirmative act" since the alleged taking occurred almost ten years earlier. *287 Corporate Center Associates v. Township of Bridgewater*, 101 F.3d 320 (3d Cir. 1996). By contrast, in *Harisadan v. East Orange*, where the municipality had declared a housing project blighted, and had for ten years failed to condemn or develop the property, the plaintiff's action for inverse condemnation was not time-barred by the six-year statute of limitations because the threat of condemnation was ongoing during that period, and caused a continuous decrease in property value. 187 N.J. Super. 65, 70 (N.J. Sup. Ct. App. Div.1982).

Here, it appears that the unlawful possession alleged by Plaintiff, forming the basis of the

trespass and conversion claims, is a permanent and not a continuing violation.  The alleged

trespass or conversion occurred on or before August 5, 2005, when Plaintiff notified Defendant

by letter that it believed Defendant to be occupying more space (606 square feet) than the parties'

lease permits.  (Compl., Ex. B.)  Plaintiff sent a similar notice to Defendant on July 20, 2009,

stating that the area being utilized by Defendant "is in excess of 600 square feet."  (Compl., Ex.

C.)  Thus, it appears that Defendant is not alleged to have committed any "affirmative act" on a

recurring or continuous basis, such that each new "invasion" contained all the elements of the

tort.  Rather, the invasion is an unceasing one, which was made manifest more than six years

prior to the filing of the Complaint on September 9, 2011.  Accordingly, Plaintiff's trespass and

conversion claims are barred by the statute of limitations set forth in N.J.S.A. 2A:14-1, and the

Court will dismiss these claims with prejudice.  *See Alston v. Parker*, 363 F.3d at 235

("Dismissal of a count in a complaint with prejudice is appropriate if amendment would be

inequitable or futile.").

## II.     CONCLUSION

        For the reasons set forth above, the Court shall grant Defendant's motion to dismiss the

Complaint.  An appropriate form of Order will be filed together with this Opinion.


                                                     /s Stanley R. Chesler
                                                   STANLEY R. CHESLER
                                                   United States District Judge

Dated: March 14, 2012